UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

L. T., on behalf of himself and all others similarly situated; et al.,

Plaintiffs - Appellees,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,

Defendants - Appellants.

No. 26-4902

D.C. No.
5:26-cv-00322-SSS-SP
Central District of California, Riverside

ORDER

Before: McKEOWN, FRIEDLAND, and MILLER, Circuit Judges.

The Government[1] seeks an emergency stay pending appeal of a preliminary injunction that the district court issued in response to Plaintiffs' claims of unconstitutionally dangerous and unsanitary conditions in the Adelanto ICE Processing Center ("Adelanto") of California.

A stay is "an exercise of judicial discretion," and "the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that

---

[1] Defendants-Appellants are U.S. Immigration and Customs Enforcement ("ICE"); David J. Venturella, Senior Official Performing the Duties of the Director of ICE; Jaime Rios, Acting Director of ICE's Los Angeles Field Office; the U.S. Department of Homeland Security; and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security. We refer to Defendants-Appellants collectively as "the Government."

discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citation modified). When deciding whether to grant a stay, we consider four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (citation modified).

We deny the Government's stay motion for the reasons explained below.

1. The Government has not "made a strong showing" that it is likely to succeed on the merits. *Id.*

a. The Government has not shown that it is likely to establish a lack of causation or redressability that would prevent Plaintiffs from having Article III standing. The district court found that Plaintiffs are subject to punitive conditions, including a lack of consistent access to potable water and adequate medical care. Although the Government asserts that any harm from such conditions was caused by GEO Group ("GEO"), the private company the Government contracts with to operate Adelanto, the Government is directly responsible for placing and keeping Plaintiffs in Adelanto. Even if the Government does not run the facility day-to-day, it is ultimately responsible for ensuring that the conditions of confinement are constitutionally acceptable. *See West v. Atkins*, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its constitutional

duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."); *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020) (holding that the government retains "a Fourteenth Amendment obligation toward those whom it has ordered involuntarily committed" in a private facility). As the district court observed, the Government may seek to withhold payment or impose financial penalties on GEO to require it to meet its obligations, and it could also choose to release or move Plaintiffs as needed to avoid constitutional violations if its efforts to enforce GEO's contractual obligations fail. *See, e.g.*, *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 880 (9th Cir. 2004) (explaining that the defendant could either guarantee compliance with the Americans with Disabilities Act at an arena run by the third party it contracts with or hold its events somewhere else).

b. For similar reasons, the Government is unlikely to show that GEO is a necessary party under Federal Rule of Civil Procedure 19(a). *See id.* at 879-80. And even if the Government were correct that GEO is a necessary party under Rule 19(a), dismissal would not be required under Rule 19(b) because the Government has not demonstrated GEO cannot be joined as a party.

c. Contrary to the Government's argument, this case does not implicate *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). The preliminary injunction in this case

sets out the Government's obligations to a certified class of detainees in a single detention facility, not anything universal or nationwide, and is not applicable beyond the facility.

d. The classwide relief the district court ordered does not run afoul of the jurisdictional bar in 8 U.S.C § 1252(f). Section 1252(f)(1) "prohibits lower courts from entering [classwide] injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out [8 U.S.C. §§ 1221-1232]." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). Contrary to the Government's argument, the injunction does not restrict the Government's authority to "choose the place of detention for deportable aliens" under 8 U.S.C. § 1231(g)(1). *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 751 (9th Cir. 2022) (en banc) (quoting *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1424, 1440 (9th Cir. 1986)). Rather, the injunction requires the Government to stop imposing punitive conditions of confinement under the Fifth Amendment of the Constitution, an obligation that extends to all places where the Government may choose to detain people.

e. The Government has also not shown that it is likely to succeed in establishing that the provisional classes lack commonality or are overbroad. *See Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014).

f. Defendants' arguments under Federal Rule of Civil Procedure 65 are also unlikely to succeed. In its August 12, 2026, memorandum of decision, the district court explained its reasons for granting the preliminary injunction. The Government has not shown that the preliminary injunction lacks "specific directives with which to comply," that its terms are ambiguous, or that the use of monitors renders the terms unclear—particularly given that any recommendations made by the monitors must be adopted by the district court before they become effective. *Melendres v. Skinner*, 113 F.4th 1126, 1139-40 (9th Cir. 2024). Nor has the Government shown that the preliminary injunction erroneously binds a nonparty. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179 (1973).

g. The Government has not meaningfully argued that the district court's findings of substandard conditions in Adelanto are clearly erroneous. The Government also does not meaningfully dispute that the types of conditions the district court found to exist are unconstitutional.

2. The Government has not shown that it will be irreparably injured if a stay is denied as to the portions of the injunction that mirror the requirements in the Government's contract with GEO.[2] Even if we were to assume that the potential,

[2] The Government has not provided an analysis that parses the expected costs of compliance, so it has not shown that any costs associated with compliance with any portions of the injunction that go beyond the requirements of the contract are significant. It has therefore not shown that the district court abused its

unsecured, cost of implementing certain provisions of the injunction would amount to irreparable injury to the Government if the Government were ultimately to prevail, that does not entitle it to a stay where the other *Nken* factors do not weigh in its favor. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

3. The Government's argument that Plaintiffs would not be harmed by a stay because the substantive care standards required by the order are already satisfied at Adelanto is premised on factual assumptions that the district court found to be false. Given no clear error in the district court's findings, we conclude that Plaintiffs *would* be harmed by a stay.

4. The Government has not shown that the public interest favors a stay. *See Youth 71Five Ministries v. Williams*, 160 F.4th 964, 978 (9th Cir. 2025) ("It is always in the public interest to prevent the violation of a party's constitutional rights." (citation modified)).

. . .

Because the Government has not demonstrated entitlement to emergency relief, we deny the Government's emergency motion for a stay pending appeal (Dkt. No. 4) and lift the administrative stay we previously imposed (Dkt. No. 15).

---

discretion when it waived the Federal Rule of Civil Procedure 65(c) bond requirement. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

The merits briefing deadlines for the appeal of the preliminary injunction are reset to: Opening Brief Due (Appellants) September 17, 2026, Answering Brief Due (Appellees) October 15, 2026, Optional Reply Brief Due (Appellants) October 29, 2026. All briefs shall be served and filed pursuant to Federal Rule of Appellate Procedure 31 and Ninth Circuit Rule 31-2.1. No extensions will be granted absent extraordinary circumstances.

Motion for stay pending appeal DENIED.